Argued and submitted February 15, reversed March 17, 1980

STATE ·OF OREGON,
*Respondent,*
*v.*
LLOYD FRANKLIN CARTER,
*Appellant.*

(No. E78-1702, CA 14968)

608 P2d 570

Jack L. Banta, Roseburg, argued the cause for the appellant. With him on the brief was Spence and Banta, Roseburg.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

This is a proceeding under the Habitual Traffic Offenders Act, ORS 484.700 to ORS 484.750. Defendant appeals from an order finding him to be an habitual traffic offender under the act. We reverse.

ORS 484.705(1) defines an "habitual offender": "(1) As used in ORS 484.700 to 484.750, unless the context requires otherwise, "habitual offender" means any person, resident or nonresident, who within a five-year period, has been convicted of or forfeited bail for the number and kinds of traffic offenses described by paragraph (a) or (b) of this subsection, as evidenced by the records maintained by the division.

"(a) Three or more of any one or more of the following offenses:
"* * * * *

"(B) Driving while under the influence intoxicants as defined by ORS 487.540;
"* * * * *

"(D) Reckless driving as defined in ORS 487.550;
"* * * * *."

On July 31, 1974, defendant was convicted of driving under the influence of alcohol in California.[1] On February 26, 1975, he was convicted of driving while under the influence of intoxicants in Oregon. On February 21, 1978, while represented by counsel, he pled guilty to a charge of reckless driving in California. On the basis of these three convictions, the District Attorney filed a complaint in circuit court on August 1, 1978, charging defendant with being an habitual traffic offender pursuant to ORS 484.720.[2] At defend-

[1] ORS 484.705(2) provides:

"(2) The offenses included in paragraphs (a) and (b) of subsection (1) of this section include * * * offenses under * * * any law of another state, * * * substantially conforming thereto * * *".

[2] 484.720(1) provides:

"(1) The administrator of the division shall certify in triplicate an abstract of the operating record as maintained by the division, of a habitual offender to the district attorney of the county in which the

[303]

ant's request, the matter was continued. During the period of continuance, defendant was able to have his California conviction for reckless driving amended to a conviction of failure to drive on the right side of the roadway, which traffic offense is not one of those enumerated in ORS 484.705(1)(a), *supra.*

Since the convictions above-described were the only ones under which defendant could be found to be an habitual traffic offender and, since one of them had been altered to a conviction not included within ORS 484.705(1)(a), defendant argues that he had not been convicted of the three traffic offenses required to make him an habitual traffic offender within the meaning of ORS 484.705(1)(a).

In response, the state argues that the habitual traffic offender statute is a measure intended to provide maximum public safety by removing from the highway those people whose prior traffic records demonstrate that they are of great danger to the public. *See* ORS 484.710. "Keeping in mind this legislative purpose", the state argues,

> "It would lead to absurd results to say that a person who has been convicted of three 'major' traffic offenses within a five year period poses a lesser threat to public safety merely because one of his convictions is subsequently amended, at his request, to a conviction of a 'non-major' traffic offense."

The problem which we face is to determine whether the language in ORS 484.705(1), "has been convicted of or forfeited bail for the number and kinds of traffic offenses described * * *" is to be read to mean "has been convicted and, at the time judgment is imposed, still presently stands convicted of an offense covered

---

person resides, as his residence is shown by the records of the division. If the person is not a resident of this state, the record shall be certified by the Attorney General. The certified abstract may be admitted in evidence and shall be prima facie evidence that the person named therein was duly convicted of each offense shown by the abstract. If such person denies any of the facts as stated therein, he shall have the burden of proving that the fact is untrue."

by this section", or is to be read to mean "has been convicted at any time, regardless of whether the conviction was later amended to some other offense not covered by this section."

While either interpretation is plausible, we believe the former is correct. The consequence of being adjudged an habitual traffic offender is great: loss of the right to drive for 10 years. ORS 484.735. In view of this consequence, we believe the legislature would wish to be sure that any offender had, in fact, committed three offenses of the kind contemplated in ORS 484.705(1)(a). *See* ORS 484.725(2). Accordingly, we hold that defendant's affirmative showing that one of his convictions had been amended was sufficient to place defendant outside the provisions of the act.

Reversed.